ANTONIO PÉREZ AMADOR, Petitioner and Appellee, *v.* GUILLERMO ESTEVES, COMMISSIONER OF THE INTERIOR, Respondent and Appellant.

No. 5294.  Argued March 17, 1931.—Decided January 15, 1932.

*Arturo Ortiz Toro, Acting Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for appellant.  *R. Rivera Zayas* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The District Court of San Juan, on a petition for mandamus, ordered that Antonio Pérez Amador be restored to his position.  The court held that the petitioner had been an employee of the police department but by an arrangement between the Commissioner of the Interior and the chief of police the petitioner was transferred to a position in the Bureau of Insular Telegraph.  The particular position to

which he was appointed was that of clerk and translator. From the whole record there can be no doubt that the transfer was duly made under the Civil Service Act and regulations. It transpires that the person who occupied this position was, as a general rule, named as the property clerk also. It makes no particular difference whether his naming as property clerk was dependent upon the approval of the Auditor. When his case was submitted to the Auditor of Puerto Rico, he refused to approve the bond for reasons that were probably submitted to the Commissioner of the Interior. The latter formulated charges against the petitioner, suspended him, and on application of the latter, appointed Mr. A. S. Romero to investigate the charges. In this investigation Mr. Romero promptly withdrew the charges and so informed petitioner. Nevertheless, the Commissioner of the Interior refused to restore petitioner to his position, maintained that one of the charges still subsisted, and alleged that it was the Auditor to whom petitioner should apply.

The defendant in his answer attempted to set up special defenses consisting more or less in the idea that it was a sufficient cause to remove the petitioner, that he, lacking the approval of the Auditor, could not legally qualify for a position of property clerk. The District Court of San Juan held that the special defenses are entirely without merit, and we agree. The court and the appellee make it clear that the position to which the petitioner was appointed was not that of property clerk but of clerk and translator in the office of the telegraph bureau. The fact that the Auditor of Puerto Rico failed to approve his bond or to appoint him as property clerk was no reason for removing the petitioner from his legal position. The position of property clerk could have been filled by any other person. While the accessory frequently follows the principal, yet it does not follow that the accessory should rule the principal.

So that in this case the only manner in which the petitioner could be removed from his position was by sufficient

14

charges duly formulated, and after a hearing. In various cases we have held that such a hearing is indispensable and is a definite prerequisite in attempting to remove a person from the classified civil service for cause. *Castro* v. *Gallardo,* 34 P.R.R. 194; *Gil* v. *Chardón,* 41 P.R.R. 208.

The judgment should be affirmed.